## Commonwealth v. Grosskettler

284

C.P. of Monroe County, no. 500 Criminal 1994.

*Wieslaw T. Niemoczynski,* for Commonwealth.
*Mark S. Love,* for defendant.

O'BRIEN, *J.,* October 28, 1994—

## I. FINDINGS OF FACT

(1) On April 9, 1994, a Pennsylvania state police officer, utilizing an Intoxilyzer/5000 machine at a Pennsylvania state police barracks noted that two samples given by a DUI suspect on the machine had a difference greater than .02 percent. Following that event, the officer placed the machine out of service and requested maintenance of the machine be performed by an appropriate party.

(2) On April 12, 1994, a state police corporal, who had been trained and certified to perform maintenance on the Intoxilyzer/5000 machine, came to the state police barracks to inspect the machine. The corporal inspected all functions of the machine, changed the solution, and

performed five accuracy tests thereon. After the maintenance was performed, the machine tested accurately, and a certificate of breath test device accuracy was issued that date.

(3) On May 10, 1994, the same state police officer stopped the defendant after he observed him driving his vehicle erratically on a public highway in Monroe County. After detecting a strong order of alcohol on the defendant's breath, and the defendant having failed sobriety tests, the officer placed him under arrest and took him to the barracks for the purposes of a breath test.

(4) On May 10, 1994, the officer, utilizing the Intoxilyzer/5000 machine, had the defendant submit two breath samples, and the machine produced a reading of .108 percent both times.

## II. DISCUSSION

Counsel for defendant has filed an omnibus pre-trial motion asking this court to suppress the results of the breath tests performed on the Intoxilyzer/5000 machine because the machine was not "re-calibrated" between the April 9 malfunction and the May 10 test administered to the defendant. Counsel for the defendant also seeks to quash Count 2 of the information which relies on the breath tests, and challenges the constitutionality of 75 Pa.C.S. §3731(a)(5)(i).

Defendant's motion to suppress the result of the breath tests or quash Count 2 of the information is predicated on the following administrative regulation promulgated pursuant to 75 Pa.C.S. §1547(c):

"77.24. Breath test procedures.

"(a) Observation ...

"(b) Procedures. Alcohol breath tests shall be conducted by a certified breath test operator. Accuracy inspection tests and calibrations conducted using breath test equipment shall be performed by a certified breath test operator, the manufacturer or its authorized representative or a person who has received comparable training or instruction. Alcohol breath tests, accuracy inspection tests and calibrations conducted using breath test equipment shall be performed in accordance with accepted standard procedures for operation specified by the manufacturer of the equipment or comparable procedures. The procedures for alcohol breath testing shall include, at a minimum:

"(1) Two consecutive actual breath tests, without a required waiting period between the two tests.

"(2) One simulator test using a simulator solution designed to give a reading of .10 percent, to be conducted immediately after the second actual alcohol breath test has been completed. The lower of the two actual breath test results will be the results used for prosecution. The test results will be disregarded, and the breath test device will be removed from service under section 77.25(b)(4) (relating to accuracy inspection tests for Type A equipment) if one of the following occurs:

"(i) If the difference between the results of the two actual alcohol breath tests is .02 or more, for machines read to the second decimal place, or .020 or more for machines read to the third decimal place.

"(ii) If the simulator test yields a result less than .09 percent or greater than .10 percent when the breath

test device is read to the second decimal place, or if the simulator test yields a result less than .090 percent or greater than .109 percent when the breath test device can be read to the third decimal place.

"(c) Procedures for adjustment. Breath test equipment which fails the testing under section 77.25(b) or subsection (b) shall be placed out of service and shall be serviced, repaired and adjusted, as necessary, by the manufacturer or its authorized representative or a person who has received comparable training or instruction prior to being placed back into service. In addition, the breath test device shall be tested under subsection (b) prior to being placed back into service...."
67 Pa. Code 77.24

In support of his motion, counsel for defendant relies upon the Superior Court's decision in *Commonwealth v. Mabrey,* 406 Pa. Super. 437, 594 A.2d 700 (1991) where the Superior Court affirmed the suppression of a test result from a malfunctioning breathalyzer machine. In that case, the court held that, "[c]ompliance with the terms of 67 Pa. Code §77.24, ... determines whether the results of the test will be admissible." *Id.* at 443, 594 A.2d at 702. Since we conclude, based on the evidence presented at the suppression hearing that the Commonwealth, contrary to the factual scenario in *Maybrey, supra,* complied with the foregoing regulation, defendant's motion must be denied. While counsel spent much of the suppression hearing debating the significance of the terms, "calibration" and "accuracy test," there is no dispute that the breath testing device in this case was tested and found accurate prior to being placed back into service. As noted in subsection (c) of the above quoted regulation, malfunction requires

that the machine "be placed out of service, and shall be serviced, repaired and adjusted, as necessary." The state police corporal trained and certified to perform this duty testified that he had accomplished this adjustment in the machine prior to the time the defendant's breath sample was taken. Therefore, we conclude the Commonwealth did comply with the regulation authorized by the statute.

Finally, we reject the defendant's challenge to the constitutionality of 75 Pa.C.S. §3731(a)(5) for the same reasons articulated by our colleague, the Honorable Jerome P. Cheslock, in *Commonwealth v. Jennifer Jones*, 772 Crim. (1993). (See slip opinion, dated June 13, 1994.) In that case, Judge Cheslock, relying in part on our Supreme Court's decision in *Commonwealth v. Mikulan*, 504 Pa. 244, 470 A.2d 1339 (1983), concluded that the constitutional challenge was without merit.

### III. CONCLUSIONS OF LAW

(1) The state police corporal who performed maintenance on the Intoxilyzer/5000 machine at issue is a "person who has received comparable training or instruction" as contemplated by 67 Pa. Code 77.24.

(2) The Pennsylvania State Police complied with the provisions of 67 Pa. Code 77.24 prior to the breath test being administered to the defendant.

(3) The provisions of 75 Pa.C.S. §3731(a)(5) are constitutional.

### ORDER

And now, October 28, 1994, defendant's omnibus pre-trial motion is denied.